Jorge V. Domínguez et al., Plaintiff-Appellants, v. Rafael Fabián, Defendant-Appellant.

No. 4287. Argued June 16, 1927.—Decided February 6, 1928.

*Henry G. Molina* for the appellant. *Jorge V. Domínguez* and *F. Soto Gras* for the appellees.

### JUDGMENT

Whereas, The four justices of the court who took part in the determination of the present case agree that the lower court did not err, either as alleged by the defendant-appellant or as contended by the plaintiff-appellants in the first eight assignments of error, and

Whereas, All of the said justices also agree that the attorney's fees allowed by the district court are reasonable, but do not agree that the degree of temerity of the plaintiffs justifies the payment of that sum. Justices Wolf and Aldrey are of the opinion that for the reason set forth in their opinions delivered separately the sum is reasonable, and that opinion prevails because when there is a tie vote in the Supreme Court the opinion of the trial judge is sustained, and Chief Justice Del Toro and Justice Hutchison are of the opinion that for the reason stated in the opinion delivered by the latter, the former concurring, the fees should be taxed at a lower figure;

Therefore, The judgment rendered by the District Court of San Juan on April 26, 1927, in the above case and herein appealed from is affirmed.

It is so ordered by the court and signed by the Chief Justice. Mr. Justice Texidor took no part in the consideration of the case.

OPINION OF MR. JUSTICE HUTCHISON CONCURRED IN BY MR. CHIEF JUSTICE DEL TORO

Both parties appeal from an order disallowing in part, modifying in part and approving as modified a memorandum of costs. A history of the case prior to the filing of the memorandum may be found in 36 P.R.R. 30.

The assignment of errors in the brief for defendant-appellant specifies that the court below erred:

First, in fixing the amount of attorney's fees for services rendered in the district court at $1,500 instead of $5,000 as claimed by defendant.

The evidence adduced at the trial tends to show that the services rendered in the district court were reasonably worth $5,000. Defendant is shown to have paid already on account the sum of $4,500, a statement for balance due being held in abeyance pending a determination of the present appeal. For the purposes of this opinion it may be conceded that the estimated value of the services so rendered, as fixed by witnesses for defendant, is a fair and reasonable approximation of an amount that would suffice to compensate counsel for the degree of skill involved, and for the time and labor expended, in preparation for the trial as well as the actual conduct of the case for defendant in the courtroom.

It must also be conceded that the court below seriously questioned the correctness of the conclusion reached by attorneys who took the stand to testify as to the reasonable value of the services rendered by counsel for defendant and further that the idea uppermost in the mind of the district judge in reducing the amount of the item as to attorney's fees seems to have been that the amount claimed by counsel for defendant, and fixed by witnesses at the hearing as the reasonable value of such services, was in fact excessive from the standpoint of adequate compensation or reasonable value. But it is equally clear that the court below also based its action, in part at least, upon the case of *Fragoso* v. *Marxuach*,

32 P.R.R. 634, quoted with approval in *Castro* v. *Societé Anonyme des Sucreries de Saint Jean,* 34 P.R.R. 546, to the effect that—

"The statute declares the right to recover attorney's fees. The amount is left to the discretion of the court. That discretion is very broad, for the court is not bound to allow the amount actually paid for attorney's fees by the winning party, but the amount representing the value of the services, and in some cases not even all of that, but only a part of it."

Plaintiffs as shareholders of the Central Boca Chica instituted the present action for damages said to have been caused by the fraudulent acts, conduct and misrepresentations of defendant in his fiduciary capacity as a director of the said corporation, as vice-president thereof, as president of the Banco Territorial y Agrícola (one of the principal creditors of the insolvent central), as an alleged shareholder and organizer of the Andrés Sugar Co. (a newly formed corporation which acquired the property and assets of the Boca Chica at a foreclosure sale) and as president of the Porto Rico Sugar Developing Co., which made the necessary agricultural advances for the continued operation by the Andrés Sugar Co. of the sugar mill or central. The case as developed at the trial rested entirely upon circumstantial evidence and the judgment was in substance and to all practical intents and purposes a Scotch verdict. On appeal this judgment was affirmed upon the theory that in such cases the proof must be strong, clear and convincing in order to justify an affirmative finding as to the existence of fraud although the application so made of that theory is reinforced by an independent analysis of the evidence adduced at the trial in addition to a copious extract from the statement of the case and opinion filed by the trial judge.

Thus far we have spoken only of the main features of the judgment, that is to say, of the disposition made of the case in the court below on its merits so far as the principal

issue is concerned, and of the grounds upon which this court concurred in that result. The question of costs, of course, although closely connected with the matters above mentioned, involved other considerations in the court below, and the affirmance on appeal of the pronouncement in this regard was based squarely and exclusively upon the absence of any abuse of discretion on the part of the trial judge sufficient to warrant a reversal.

The analysis of the evidence by the trial judge, and the comment thereon by this court, speaking through Mr. Justice Franco Soto in deciding the former appeal, indicate in a general way the reasons for adopting a course somewhat different from that pursued in *Goffinet et al.* v. *Polanco et al.*, 32 P.R.R. 833, wherein appellants invoked a previous dictum by this court, and, likewise speaking through Mr. Justice Franco, the court refused to affirm a pronouncement awarding costs to defendants, and concluded a discussion of the matter with the following statement:

"We can not say, therefore, that the appellants were absolutely without right, though merely an apparent one, and although their claims were entirely rejected, it can not be held that they were moved by temerity or lack of good faith in instituting and prosecuting the present action."

While in the instant case appellants could not quote any previous dictum by this court as a more or less plausible explanation of their faith in the final outcome of their action, nevertheless, the facts developed at the trial show a border-line case. If the court below had seen fit to render judgment on the merits in favor of defendant, but without special pronouncement or award as to costs, and in so doing had paraphrased the language of this court in *Goffinet* v. *Polanco, supra,* or had cited that case as authority for such action, then defendant would have had little or no reason to complain. In such circumstances, this court might have said in refusing to disturb the result so reached, and with

equal propriety substantially *mutatis mutandis* what was said on the former appeal in sustaining the award actually made herein, as for example:

"Defendant complains of the refusal to award costs. Plaintiffs insist that their action may have been a mistake, but that it was not vexatious. The court below, however, exercised a sound discretion in declining to mulct plaintiffs in costs, and, all things considered, we find no sufficient ground for reversal of the judgment in this regard."

Members of an appellate tribunal may disagree among themselves as to whether or not a plaintiff has fulfilled the requirements of the rule that evidence of fraud ought to be clear, strong and convincing. In the district courts the various shades of opinion in this regard would be limited only by the number of district judges. While it is well for practising attorneys to consider both sides of every case, as a matter of ordinary precaution and protection against surprise or possible defeat, yet it is hardly reasonable to demand that counsel should anticipate the result of a trial, or measure in advance the weight and sufficiency of circumstantial evidence about to be adduced with the same degree of impartiality and accuracy that is expected of a trial judge after the case has been submitted. If our statutory provision for the recovery of costs including attorney's fees were construed as a warning to all plaintiffs that an award of costs necessarily includes more than thirty per cent of the reasonable value of the legal services actually rendered by counsel for defendant, then the bringing of an action based upon the theory of fraud would be a hazardous experiment.

The whole of the argument in support of the first proposition submitted in the brief for defendant-appellant is addressed to the question of reasonable value and utterly ignores the statutory provision that—

"In all cases where costs *have been* allowed to one party in an

action or proceeding in a district court, said party shall, *in the discretion of the district court,* be entitled to receive from the defeated party an amount representing the value of the services of his attorney *or a part of such amount; Provided,* that nothing in this section shall be deemed to allow attorney's fees to be included in costs taxed against a defendant who shall not have entered appearance in an action or proceeding; *And provided, further,* that the fees and costs shall be allowed in the discretion of the judge taking cognizance of the action or proceeding, *considering also the degree of blame,* if any, of the party against whom judgment is rendered.'' (Italics ours.)

The words just quoted are taken from section 327 of the Code of Civil Procedure as amended in 1917. As originally adopted by our Insular Legislature in 1904 that section read as follows:

''The measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to costs and disbursements, as hereinafter provided.''

Sections 328 to 330, inclusive, provided for the allowance of costs as a matter of course in certain enumerated cases. Section 331 provided that—

''In other actions than those mentioned in section 328, costs may be allowed or not, and, if allowed, may be apportioned between the parties, on the same or adverse sides, in the discretion of the court; but no costs can be allowed in an action for the recovery of money or damages when the plaintiff recovers less than one hundred dollars, nor in an action to recover the possession of personal property, when the value of the property is less than one hundred dollars.''

Section 339 authorized the filing of a verified memorandum with the clerk and permitted the adverse party if dissatisfied therewith to demand within three days that the costs be retaxed by the court or by the judge thereof in chambers.

Section 331 was amended in 1905 by removal of the limitations following the semicolon in the original text, *supra.*

In 1908 sections 327 and 339 were amended to read as follows:

"Sec. 327. Parties to actions or proceedings are entitled to costs and disbursements incurred by them, subject to the rules hereinafter provided. In all cases where costs have been allowed to one party in an action or proceeding, if the subject matter exceeds five hundred dollars, said party shall be entitled to receive from the defeated party the amount of fees due the former's attorney for his services. *Provided*, That nothing in this section shall be deemed to allow attorney's fees to be included in costs taxed against a defendant who shall not have entered appearance in an action or proceeding, *And provided, further*, That the fees and costs shall be allowed in the discretion of the judge taking cognizance of the action or proceeding, the degree of blame, if any, of the party against whom judgment is rendered to be considered."

"Sec. 339. Costs shall be claimed by the party to whom the same have been allowed, by filing with the Clerk of the Court, within ten days after the final judgment or decision, a memorandum of his costs and necessary disbursements in the action and of the amount of the fees of his attorney. Said memorandum must be verified by the oath of the party or his attorney.

"The party against whom the costs have been taxed, shall be furnished with a copy of said memorandum by the party presenting the same, and he may object to all or any of the items thereof, within ten days after the receipt by him of his copy. In case of objection, the adverse party may file his reply thereto, within five days after he has been served with a copy of such objection. The Court shall fix a day for the hearing of the matter, and after hearing such evidence as may be introduced by the parties shall give its decision.

"Should objection be made to the fees of an attorney on the ground that they are excessive, the Court shall, upon deciding said objection, if the same be sustained, determine the amount that shall be paid therefor.

"From decisions of the Court in the matter of objection to a memorandum of costs, appeal may be taken by the party or his attorney.

"Where no objection has been made in due time to a memorandum of costs or where such objection having been made, the court shall have rendered its final decision thereon and no appeal shall

have been prosecuted therefrom, or in the event of such an appeal therefrom a final judgment shall have been entered pursuant to the decision on such appeal, the party against whom the costs have been taxed, shall deposit the amount thereof with the Secretary of the Court, within five days after notice therefor has been served upon him by the Secretary. Should he fail to do so, a writ of execution shall issue in the same manner as in the case of a judgment. *Provided,* That nothing in this section shall be deemed to allow attorney's fees to be included in costs taxed against a defendant who shall not have entered appearance in an action or proceeding.''

In 1917 section 327 was further amended by including: The People of Porto Rico among the ''parties to actions or proceedings'' mentioned in the opening sentence, and otherwise as indicated in the text first above quoted.

In the same year section 339 was amended so as to require delivery of a memorandum of costs ''within the ten days following that on which the term for appeal of the judgment rendered in the case shall have expired, in case no appeal shall have been taken; if an appeal has been taken said delivery shall be made within the ten days following that on which the court rendering judgment in the first instance shall have received official advice of the decision rendered on appeal in the last instance.''

The plain purpose of section 327 as enacted in 1904 was expressly to exclude attorney's fees from the costs and disbursements to which the parties to an action or proceeding were entitled. It does not purport either to provide for the allowance of costs as a matter of course, or to confer upon the court any discretion in this regard. So far as these matters are concerned section 327 was merely introductory to sections 328-331, inclusive, which contained and covered the entire subject matter indicated by the phrase ''as hereinafter provided.''

Whatever discretion in the matter of awarding costs was conferred upon the district courts by the Code of Civil Pro-

cedure as adopted in 1904 is to be found in section 331 of that code and only in that section.

It may be conceded that the final proviso of section 327, as amended in 1908 and as it stands today, refers to the time of rendering judgment as well as to the time of passing upon a memorandum of costs. So construed, it would amount at most to a mere paraphrase of section 331 or else to a more specific indication as to the manner in which the discretion conferred upon the trial judge by that section is to be exercised. But the preceding portion of section 327, at least as amended in 1917, is not open to that interpretation.

The first proviso of that section as amended in 1908 and as it now reads is a verbatim copy of the final proviso of section 339 as twice amended in the years aforesaid. The words "costs taxed against a defendant" of the English version read in the Spanish text *"costas impuestas contra un demandado"* in section 327 as amended in 1908 and in both amendments of section 339. The variation in the Spanish version of section 327 as amended in 1917, where the phrase runs *"costas que se impusieron"* is insignificant. On the other hand the words of section 327 as amended in English, "where costs have been allowed," which in 1908 appeared in the Spanish as *"en que en un pleito o procedimiento se concedan las costas,"* become the exact equivalent of the language used in the Spanish version of 1917, which seems to have been amended to conform to the English text and now reads thus: *"En que se hayan concedido a una parte las costas."*

"While the award of costs is the act of the court, the taxation thereof is not ordinarily imposed in the first instance on any court of record which as a general rule has not the power to tax costs. In most jurisdictions the clerk of the court in which the action is pending taxes the costs, although authority to tax costs is sometimes conferred on other officers, or even on the court in respect to designated items." 15 C. J. 176, par. 426.

The final proviso of section 339, construed in connection with the immediate context obviously means that attorney's fees are not to be included in a memorandum filed after the rendition of a judgment for costs in so far as a defendant who has not entered an appearance in the action or proceeding is concerned. The language of the first proviso of section 327 is not only identical with the words used in the final proviso of section 339, but, in the English text at least, too plain to admit of construction. The phraseolgy of the Spanish version, if it does not refer in unmistakable terms to the inclusion of attorney's fees in a claim for costs already awarded, is, to say the least, open to that interpretation. Moreover, it must be construed together with the perfectly plain and immediately preceding statement to which the clause now under consideration is appended as a proviso. But, even otherwise, the fact that the first as well as the second proviso of section 327 might be construed as relating to the time of the award as well as to the time of taxation of costs would not militate in any way against the view here taken of the phrase "in all cases where costs have been allowed to one party in an action." To say that the opening statement of section 327 does not contemplate a previous award of costs is utterly to ignore the words "have been allowed." To hold that the first and fundamental provision of that section does not permit a successful plaintiff to include in his memorandum of costs already awarded an amount representing the reasonable value of the legal services rendered by his attorney, or a part of such amount, and to have the same taxed as a part of such costs, would be to amend the law by judicial legislation, to strike from the legislative enactment the words "have been allowed" and to substitute therefor the phrase "are about to be allowed."

From another portion of the brief for defendant-appellant we take the following quotation:

"We are not at liberty to construe any statute so as to deny

effect to any part of its language. It is a cardinal rule of statutory construction that significance and effect shall, if possible, be accorded to every word. As early as in Bacon's Abridgment, section 2, it was said that 'A statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.' This rule has been repeated innumerable times. Another rule equally recognized is that every part of a statute must be construed in connection with the whole, so as to make all the parts harmonize, if possible, and give meaning to each." *Washington Market Co.* v. *Hoffman*, 101 U. S. 112.

From 1908 to 1917 it might have been argued with some degree of plausibility that the trial court had exhausted its discretion in making the award at the time of rendering judgment and that thereafter nothing remained to be done or could be done but to ascertain the amount or reasonable value of the attorney's fees already included in such previous award. But in the year last mentioned the Legislature seems to have closed the door to further dispute upon this point. Whether it did this for the purpose of removing any doubt that may have arisen as to the exact meaning and scope of the law as amended in 1908, or whether it intended to add an entirely new feature to section 327 as previously amended, is wholly immaterial. The salient and unmistakable feature of the amendment of 1917 is that the district court is not restricted to a determination of the reasonable value of legal services rendered but in the exercise of a sound discretion may allow any part or portion of an amount representing such reasonable value, and that the discretion thus expressly conferred upon the court is to be exercised "in all cases where costs *have been allowed* to one party in an action or proceeding," as indicated beyond all cavil by the deliberate amendment of the Spanish version of the language just quoted to conform to the English text.

Construing the law as amended in 1917, this court in *Ramírez* v. *American R. R. Co.*, 28 P.R.R. 168, was constrained to say that—

"After having awarded the costs in the judgment without excluding the fees the district court, in accordance with the provisions of section 327, still has a discretion in the amount of fees to be awarded the successful party to represent the value of the service of his attorney or a part of such amount."

And in *Castro v. Société Anonyme des Sucreries de Saint Jean, supra,* the same thought is further elaborated by a majority of this court, speaking through Mr. Chief Justice Del Toro, as follows:

"There are two instances where the trial court exercises its discretion: (1) When its judgment is rendered, and (2) when it approves the memorandum. In the first instance it allows costs or not, with or without attorney's fees, and in the second it determines the amount. The attention of the court should advert strictly to the fact that the law authorizes the court to allow the full value of the services rendered by the attorney of the winning party, or of a part of such value according, naturally, to the circumstances of each case.

"The temerity of the defeated party is one of those circumstances. When the court imposes costs in its judgment it is because it believes that the defeated party acted with temerity. Temerity is of different degrees. In rendering its judgment and considering the degree of temerity of the defeated party the court may impose upon him the payment of costs excluding from them the attorney's fees, or it may simply impose the costs, which carries with it the attorney's fees, the said court having thereafter an opportunity to reconsider the degree of temerity of the defeated party in fixing the amount of the fees.

"Many other circumstances can be taken into account by the court in fixing the amount. See the case of *Bertrán v. Carrasquillo,* 29 P.R.R. 520, wherein jurisprudence covering the matter as summarized by Corpus Juris is transcribed."

See also *López Ramírez v. Benítez, Commissioner,* 34 P.R.R. 563, where the amount in controversy was some eight or ten thousand dollars, the legal questions raised were more or less novel, difficult and complicated and the sum of one thousand dollars claimed by defendant, and reduced to $800 by the district court, was conceded to be a very reason-

able estimate as to the value of the services rendered by counsel for defendant, and where in the face of these facts this court held that a further reduction of $300 and an award of the remainder, that is to say, approximately one-half of the reasonable value of the services actually rendered, was more in keeping with the double standard and elastic method of measurement prescribed by the statute now under consideration.

A just, equitable and intelligent application of the statutory rule, in the light of its spirit and purpose, involves the reservation of a reasonable margin for the imposition of a heavier penalty in extreme cases in which there is a more serious demand for a strong deterrent. If we would be consistent and always able to distinguish without difficulty between cases according to circumstances, then the maximum prescribed by law as a penalty to be imposed upon an unscrupulous litigant should be kept in store for the plaintiff who institutes an action for the sole purpose of harassing an innocent defendant, or upon the theory that such defendant might be willing to part with a considerable sum of money in order to avoid the unpleasant notoriety incident to a trial upon the merits of sensational charges imputing to him the commission of fraudulent acts, notwithstanding the groundless and scurrilous character of such accusation. In the case at bar we have no reason to doubt the perfect good faith of counsel for plaintiffs and we are not prepared to say that at the time of filing suit they had no reason whatever to expect a more favorable result.

As intimated at the outset, we need not question the reasonableness of the estimate placed by brother attorneys of counsel for defendant upon the services rendered in the district court. Nevertheless, the proposition that such services were reasonably worth $5,000 of necessity involves as a corollary the further admission that counsel for defendant performed something more than a merely perfunctory task

in preparing for trial, in spending several days in the court-room and in calling the attention of the trial judge to the fact that the evidence adduced by plaintiffs did not conclusively show any active or guilty participation by defendant in the alleged conspiracy to defraud plaintiffs. Counsel for defendant can not consistently assert that $5,000 is a conservative estimate as to the reasonable value of legal services actually rendered and at the same time insist upon the total absence of any rational basis in law or in fact for the bringing of the original action.

At the hearing on the memorandum of costs the attorney for defendant testified that he had devoted considerable time to an examination of the complaint and to conferences with defendant, with Martínez Domínguez, and others, to the preparation of a motion to strike certain averments from the complaint, of a motion for a change of venue and of a demurrer together with a brief in support thereof; that the trial extended over a period of four days; that thereafter a certain motion was argued and submitted, and that upon receipt of plaintiffs' brief an extended examination of the documentary evidence adduced by plaintiffs at the trial was required in order to prepare the brief for defendant which was subsequently submitted, and consisted of thirty-two pages.

One of the witnesses for defendant estimated the services rendered in connection with the preliminary and dilatory pleadings, together with the preparation for trial including consultations with defendant and others and the filing of an answer, at $2,000 or $1,500, and fixed the reasonable value of the services rendered during the trial and before judgment at $3,000.

The attorney for defendant while on the stand volunteered the statement that the services rendered in connection with the motion for a change of venue were not included in the item of $5,000 for the reason that the motion in question

had been overruled. By the same token the reasonable value of the services rendered in preparing the motion to strike, the demurrer and the brief in support thereof, would seem to depend in some measure at least upon the existence at the time of a reasonable possibility that plaintiffs might be able to prove the facts alleged in their complaint coupled with a more or less reasonable prospect that in such event a judgment in favor of plaintiffs upon the merits might be reversed for want of facts sufficient to constitute a cause of action.

The court below expressly found that the only question involved, as pointed out in the opinion of this court in the previous appeal, was a question of fact, namely, whether or not defendant had participated in any wise in the acts and transactions imputed to him in the complaint, or, in other words, whether or not the evidence adduced had established the fraudulent acts or the omissions in performance of duty for which plaintiffs sought to hold defendant responsible. The trial judge concluded that, all things considered, the amount of $1,500 was a just and reasonable compensation for the legal services actually rendered in the district court by counsel for defendant. And viewing the matter from the standpoint of reasonable value only, at least one member of this court is not disposed to disturb the result.

Certainly no exhaustive research was required in order to satisfy the court below as to the existence in this jurisdiction of the doctrine that proof of fraud must be clear, strong and convincing. A brief conference with defendant, together with his business associates and alleged co-conspirators, should have sufficed to indicate in a general way the nature, scope and extent of the circumstantial evidence available to plaintiffs, and there is no intimation that defendant was in fact surprised at the trial. If we assume with counsel for defendant that the actual result in the court below was inevitable and self-evident from the beginning and indulge

every presumption in favor of defendant as to innocence, ordinary honesty, good faith and fair dealing in his business relations, then there would seem to be much force in the contention of counsel for plaintiffs to the effect that upon any such hypothesis defendant would be entitled at most to a merely nominal amount as representing the reasonable value of the legal services actually rendered by his attorney.

But, be this as it may, we are not so much concerned with the question of reasonable value as with the fact that the court below attached entirely too much importance to that aspect of the matter and did not give due consideration to the question of blame, or want of reasonable ground for the action brought by plaintiffs, as a prime factor in the situation.

As pointed out by Mr. Justice Franco in his dissenting opinion in *Castro* v. *Société Anonyme des Sucreries, supra*, our Insular Legislature in adopting the degree of blame or of temerity attributable to a party as the measure of his responsibility in the matter of costs, including attorney's fees, has in substance and in spirit re-enacted the rule prescribed in *Ley* 8, *Tit.* 22, *Partida* 3. The only difference of opinion among the members of this court was and is as to how and when this rule is to be applied under our statute as it stands today. But whether the discretion of the court in determining the degree of imprudence or rashness involved in a particular case be exhausted at the time of award, or whether, as heretofore held by a majority of this court, the discretion so exercised be a continuing discretion, the element of culpability is always the controlling consideration determining the responsibility of a party.

It may be conceded for the sake of argument that an award of costs including attorney's fees of necessity involves something more than a merely nominal amount. Even so, an allowance of ten or fifteen per cent of the reasonable value of the legal services actually rendered would seem, to be

sufficiently severe from the standpoint of a purely punitive measure in most cases where an exclusion of attorney's fees from the award of costs would not have amounted to an abuse of discretion. Nor have we any reason to assume that a heavier penalty is required as a prophylactic measure.

It is enough to warn prospective and potentially imprudent plaintiffs that, notwithstanding their honesty of motive and more or less justifiable faith in the righteousness of their cause, a failure to satisfy the trial judge by clear, strong and convincing proof of fraud may involve the payment of a small percentage of the reasonable value of services rendered by counsel for defendant. There is no evidence of a legislative intention to encourage the imposition of a disproportionate penalty upon the plaintiff who has lost a border-line case, either as' compensation to the defendant therein or as a statutory method of insuring all prospective defendants against the possibility of becoming involved at some future time in an equally doubtful controversy.

Applying, then, the statutory slide rule to the facts in the instant case, we are persuaded that the court below was entirely too liberal in allowing thirty per cent of the actual value of the legal services rendered by counsel for defendant as the proportion of such reasonable value to be borne by plaintiffs and paid by them as a part of the costs imposed by the terms of the original award.

Defendant-appellant also insists that the court below erred:

"Second, in excluding entirely the sum of $1,000 covering attorney's fees for services rendered in the Supreme Court on appeal from the original judgment."

Much stress is laid upon this point in the brief and counsel for plaintiff-appellants concur in the view of the law here taken by counsel for defendant-appellant. It will suffice at this time to say that the decision of this court on the former appeal from the orignal judgment herein con-

tained no pronouncement in regard to costs on such appeal. The district court had no power, at the time of passing upon the memorandum of costs, to modify or to amend the judgment of this court or to supply any omission, inadvertent or otherwise, therein by allowing attorney's fees for legal services rendered on the previous appeal.

The first specification in the assignment of errors on the part of plaintiff-appellants is that the court below erred in allowing attorney's fees in the absence of any award thereof in the original judgment.

Here we are assured by counsel for plaintiff-appellants that this is still an open question among the members of the bar notwithstanding the decisions of this court to the effect that attorney's fees are included in the award of costs unless expressly excluded therefrom. Counsel say that, they have heretofore insisted on several occasions and will continue to insist that the doctrine of these cases is contrary to the express provisions of the statute which demand not only an express finding as to the blameworthiness or "temerity" of a party but also a determination of the degree of blame at the time of the pronouncement as to costs; that the conclusion last mentioned is sustained by the reasoning of this court in the well known case of "Veve v. Fajardo Sugar Developing Co.," and that plaintiff-appellants, although unable perhaps to add anything worth while to the reasoning of the opinion in that case, do not wish to lose this opportunity of pointing out that our later doctrine has not received professional approval and is untenable upon principles of sound logic and statutory construction.

In the absence of any reference to page or volume we assume that plaintiff-appellants intended to cite Veve v. Municipality of Fajardo, 18 P.R.R. 738, decided in June, 1912, wherein the law as amended in 1908 was discussed and construed.

The amendment of 1917 was carefully considered by this

court in *Brac* v. *Ojeda,* 27 P.R.R. 605, and our decision in that case was based squarely on the statute as amended, not as it stood prior to such amendment and at the time of the previous opinion in *Veve* v. *Municipality of Fajardo, supra.* Both of these cases were considered in *Ramírez* v. *American Railroad Co.,* 28 P.R.R. 168, and for the reasons stated therein we definitely determined to abide by and adhere to the doctrine of *Brac* v. *Ojeda, supra.* We have endeavored herein to state somewhat more in detail some of the considerations upon which the conclusion reached in the case last mentioned was or might have been based. If the views expressed in the later cases are radically wrong or manifestly mistaken, then the sooner these cases are reversed the better it will be for all parties concerned, and any additional light that can be shed upon the subject by any practicing attorney or any group of practicing attorneys as counsel or as *amicus curiae* at the hearing of an appeal from any judgment containing a pronouncement as to costs in general terms and without mention of attorney's fees, would be most welcome.

The second ground of appeal relied upon by counsel for plaintiff-appellants is that the court below erred in holding that the memorandum of costs was filed within the time prescribed by law. Here the contention of plaintiff-appellants is that the memorandum must be presented within ten days after a party or his attorney has been notified of the decision on appeal, and not within ten days after receipt of the mandate in the court below, as expressly provided by section 339 of the Code of Civil Procedure, *supra.* We can not concur in the construction thus sought to be placed upon the statute.

The third proposition submitted by plaintiff-appellants is that the court below erred in holding that it is not necessary to determine the degree of blameworthiness or temerity in the original judgment. Appellants concede that this is in

substance but another form of the second (*sic*) question already submitted, and the brief contains nothing new in the way of argument.

The fourth and fifth assignments are that the court below erred in holding that any discretion had been exercised in awarding costs, although the judgment is silent as to the ground of such award and as to attorney's fees, and that the court below erred in holding that it was not the intention of the judge who rendered the original judgment to exclude attorney's fees, or to leave in suspense the exercise of his discretion in the matter of allowing attorney's fees pending presentation of a memorandum of costs.

Here the cases of *Castro* v. *Société Anonyme des Sucreries* and *López Ramírez* v. *Benítez, Commissioner, supra,* are criticised as a compromise resorted to by this court in order to escape the consequences of a previous departure from the law and from the reasonable rule laid down in *Veve* v. *Fajardo.* Here also counsel for plaintiff-appellants accept a certain degree of responsibility for the doctrine of the cases last mentioned, and point to *Guardiola* v. *La Compañía Azucarera del Toa,* 31 P.R.R. 602, as evidence of paternity.

It is true that in the case last mentioned an objection was interposed in the court below to the memorandum of costs upon the grounds, among others, that attorney's fees had not been specifically awarded by the court, and that an award of costs, disbursements and attorney's fees involves an exercise of judicial discretion which must be evidenced by an express finding as to the degree of blame imputed to a party. The trial judge, however, did not pass upon either of these questions, but amended the original judgment, which had been prepared and submitted by counsel for plaintiff, by expressly excluding attorney's fees from the award of costs as originally made. Appellants did not question the power of the trial judge to make this amendment, but insisted that in the circumstances of that particular case the action com-

plained of amounted to abuse of discretion. This court, therefore, did not deem it necessary at that time to discuss questions not raised in the brief. It was assumed for the purposes of that opinion that if the court below as a matter of fact had never intended to include attorney's fees in the award of costs, then it had the power to correct its judgment in order to cause the same to speak the truth upon this point. And in this connection it was pointed out that the original judgment had been prepared and submitted by counsel for signature by the trial judge. But even if this court had held in the *Guardiola Case* that a judgment which intentionally included attorney's fees in the award of costs may be subsequently amended after presentation of a memorandum by striking the item of attorney's fees therefrom, it does not of necessity follow that no discretion whatever had been exercised at the time of the original award.

Nor did this court hold in *Castro* v. *Société Anonyme des Sucreries* and in *López Ramírez* v. *Benítez, supra,* as now contended by counsel for the plaintiff-appellants, that the district court at the time of passing upon a memorandum of costs is at liberty to reconsider the original award and to eliminate therefrom the element of attorney's fees or otherwise amend or modify such original judgment. The views expressed by this court in the opinions delivered in the two cases last above mentioned may be mistaken, but the meaning is perfectly plain if the language employed be regarded in the light of existing statutory provisions, which it is the duty of this court to construe in accordance with certain fixed and established principles, including the rule laid down in Bacon's Abridgment and quoted with approval by the Supreme Court of the United States in *Washington Market Co.* v. *Hoffman,* 101 U. S. 112, *supra.*

The sixth contention of plaintiff-appellants is that the court below erred in not holding itself to be without jurisdiction to exercise a discretion which had not been exercised by

the trial judge. This proposition proceeds upon the hypothesis that attorney's fees must be specifically awarded in the original judgment and involves as a corollary the idea that, in the absence of such specific original award, the same can not be made at the time of approving a memorandum. For reasons already stated we are not prepared at this time to accept the premise and therefore need not question the correctness of any conclusion that may be drawn therefrom.

The seventh assignment is that the court below abused its discretion in not excluding altogether the items of attorney's fees at the time of passing upon the memorandum of costs for the want of blame or temerity attributable to plaintiffs in a degree sufficient to justify the inclusion of such fees in the award of costs. Here the argument is in substance a repetition of what was said in support of a motion for rehearing heretofore overruled by this court. There would be much force in the contention if the question had been raised in the court below by a motion for rehearing as to costs, or otherwise, at the time of the original judgment. The suggestion that the law requires an express finding as to the existence of some degree of temerity or blame, a point upon which much stress is laid by counsel for plaintiff-appellants, would seem to involve in the first place a review and a reconsideration of a long line of decisions beginning with *Paganacci v. Lebrón*, 24 P.R.R. 743, in which the writer dissented, to say nothing of more recent legislation which may or may not have some bearing upon the question there discussed and decided. But, be this as it may, in the instant case there was not even a request for any such finding in the court below. Heretofore this court has uniformly held that a question as to error committed by a district court in the original award of costs comes too late when raised for the first time on appeal from a ruling made with reference to a memorandum of costs, and in the case

at bar has not only affirmed the original judgment including the pronouncement as to costs but has also denied a motion for re-hearing upon that question. We can not assume with counsel for plaintiff-appellants that the district judge who approved the memorandum of costs herein had any power to amend or to modify the award as made by the judge who presided at the trial. We need not therefore dwell upon any inconsistency between such assumption and the position taken by counsel in arguing the preceding assignment nor discuss the merits of a proposition which involves an alleged abuse of a discretion which is not shown to exist or to have been exercised by the court below.

Another contention of plaintiff-appellants is that the court below erred in not holding that, if the discretion exercised by a district judge be not open and expressly based upon established facts rationally set forth, and if the award be not made according to circumstances so ascertained, then the law becomes a matter of caprice and therefore unconstitutional in that it imposes a penalty upon the free exercise by the citizen of his right to resort to the courts and thus denies to him due process of law. The argument upon this point, however, reverts to the propriety if not the necessity of findings of fact as a basis for the original award of costs. The constitutional question is not discussed at all in the brief, and in the absence of any citation of authority as to the necessity for finding and by way of suggesting a starting point for further investigation along this line we are content to note in passing the statement that—

"The general rule in suits in equity as well as in actions at law is that the prevailing party is entitled to costs, and it will be applied unless the losing party can show that equity requires a different judgment." 15 C. J. page 35, par. 23.

In conclusion plaintiff-appellants insist that the court below erred in allowing $1,500 as attorney's fees because the said amount is excessive as compensation for the services

rendered and in any event the degree of blame or temerity attributable to plaintiff-appellants does not justify the allowance of such an amount. For reasons already stated we can not concur in the view that fifteen hundred dollars is excessive from the standpoint of reasonable compensation for the legal services rendered by counsel. But for reasons likewise set forth above we are constrained to hold that the sum of $500 would be more in proportion to such measure of imprudence or rashness as may be imputed to plaintiffs herein or as was in fact imputed to them apparently by the court below.

The order appealed from should be modified accordingly, and, as modified, affirmed.

### OPINION OF MR. JUSTICE WOLF

Sections 327 and 339 of the Code of Civil Procedure as finally amended in 1917 are copied *verbatim* in our opinion in *Ramírez* v. *American Railroad Co.*, 28 P.R.R. 168. Rereading these two sections at this date I harbour no doubt that it was the intention of the legislature to give a successful litigant the right to attorney's fees when in the judgment costs have been awarded to him. At the time of the rendering of the decision in the *Ramírez Case* we were probably a little embarrassed by the conflict between the cases of *Veve* v. *Municipality of Fajardo*, 18 P.R.R. 738, and *Brac* v. *Ojeda*, 27 P.R.R. 605, but now I am surer of my ground. The first words of section 327 establish the right to costs and expenses and does not mention fees. As fees are later mentioned the word "costs" in that section is the only one which would include fees.

The next paragraph dispels all doubt. "Where costs have been allowed to one party in an action or proceeding in a District Court said party shall, in the discretion of the District Court, be entitled to receive from the defeated party an amount representing the value of the services of his attorney or a part of such amount."

Therefore, fees are a part of the definition of costs or they are an inevitable consequence of the imposition. The fact that the last proviso in section 327 mentioning "fees and costs" separately does not derogate from the intention of the legislature previously expressed. At that moment the legislative mind was intent on the calculation, method or occasion when costs or fees should be imposed.

So much being premised, it is evident that when the district court has imposed "costs" in the judgment the only moment to view this part of the judgment is on the direct appeal from the judgment itself. In the instant case the costs were so imposed by the judgment, an appeal was taken, error assigned in this regard and the judgment completely affirmed, 36 P.R.R. 30. The right of the defendant in the original suit to costs and fees was completely determined, is *res adjudicata* and the law of this case. We could review this question in the present appeal only if we were convinced that "fees" must be specifically awarded in a judgment and were prepared to overrule our previous jurisprudence and revert back to what we have considered the erroneous interpretation placed upon section 327 in *Veve* v. *Municipality of Fajardo, supra.* Perhaps it might even be said, somewhat as indicated in *Ramírez* v. *American Railroad Company, supra,* that after eight or nine years of constant practice since the decision in *Brac* v. *Ojeda, supra,* has made applicable the rule of *stare decisis.* The determination of the amount of the award is a totally different question.

I am entirely disposed to agree with the complainant-appellants that the measure of the award of fees is the degree of blame to be imputed to an unsuccessful party and not the reasonable amount of the attorney's fees. The statute and its previous history as outlined in a contemporaneous memorandum of Mr. Justice Hutchison leaves me in no doubt as to this.

Coming then to the question of the amount imposed, I

cannot find that it was excessive. In the first place, as I read the former opinion of this court we held in effect that the temerity of the complainants had been great. The district court had decided that the averments of the complaint had not been proved. In a suit for fraud, as a general thing it would be inadvisable for a court to say that the defendant had not been guilty of a fraud. All that a careful judge ordinarily would say was that the charges had not been proved. It must be remembered that the defendant at the original trial presented no evidence but relied on the failure of the complainants to make out a case. This failure to make out a case is a very significant fact. The complainants knew or ought to have known the kind and amount of evidence to be presented. Yet they went into court and failed to make out a *prima facie* case. This court said: "We have no doubts that fraud may be established by circumstantial evidence, but in no case can its existence be established by simple conclusions, conjectures or suspicions." We had reviewed the whole case and showed the failure of the complainants to follow up the complaint. So that when the case went back to the district court there was a finding or holding, implicit in our decision that the complainants had been guilty of considerable temerity.

Fraud is a serious charge indeed. The person who makes it must be prepared to prove it or else he is guilty of temerity. The case might be less strong if the defendant had presented counter-proof which the court believed. Here there was not even a conflict in the evidence, and the defendant was in the position of having to employ counsel and answer a complaint which was, as it transpired, not provable. Furthermore the analysis of the evidence made by this court among other things showed that the condition of things in the companies involved was in great part due to the tremendous collapse in sugar prices that took place in 1920 and

1921 and the complainants had as much reason to know this as anyone else.

With respect to the appeal of the defendant I, therefore, have a certain amount of sympathy and think the amount of attorney's fees awarded was probably low. However, this is a matter within the sound discretion of a district court and I am not prepared to say there was an abuse.

The defendant-appellant also insists that this court has the right to award fees for the work in this court. Sections 327 and 339 after all are a part of the Code of Civil Procedure and are taken from the chapter that refers to "costs." For me it is impossible to read that chapter without concluding that the legislature had in mind when discussing attorney's fees the costs in the court below. No attempt was made to modify section 333 of the said code which refers to the costs on appeal. To entitle a party to attorney's fees on appeal the intention of the legislature ought clearly appear.

The other assignments of error are either covered by the opinion of Mr. Justice Hutchison, have been covered by this opinion, or do not seriously affect the result. Therefore, in neither case do I find adequate reason for disturbing the order of the court below.

### OPINION OF MR. JUSTICE ALDREY

I agree with the opinion written in this case by Mr. Justice Wolf that the attorney's fees form a part of the costs imposed in a judgment; that the only time for revising that part of the judgment is on direct appeal from the judgment itself, and that the right of the defendant to costs and attorney's fees was completely determined and is *res judicata* in the case. As said by him, the determination of the amount to be allowed is entirely a different question; but I disagree with him and with the other judges who took part in the decision of this case that the measure of the award

of fees is the degree of blame to be imputed to an unsuccessful party and not the reasonable amount of the attorney's fees.

In the dissenting opinion of Mr. Justice Franco in *Castro v. Société Anonyme des Sucreries,* 34 P.R.R. 553, in which I concurred, our point of view on this question was settled, for we said: "The imposition of costs is determined when the judgment is rendered and we understand that it is the only instance in which they are granted or denied in whole or in part, the trial judge considering within his discretion the temerity or degree of blame or the complete exemption of the defeated party." . . . . And that "the question of temerity or degree of blame has no weight or value in discussing and determining the amount of the costs in the separate proceeding for that purpose provided by law." Then we added:

"If such rule should be adopted in the sense of 'to reconsider the degree of temerity of the defeated party in fixing the amount of the fees,' a case could at all times arise wherein after the affirmance on appeal of a judgment properly imposing the costs by reason of the temerity of the defeated party, or it having been consented to in that particular, the question already decided would again be raised at the time of deciding the objection to the memorandum of costs. We must insist, therefore, in saying that the question of whether a party ought to pay the costs because his temerity has been declared remains definitely decided by the judgment or by the appeal in that particular and that in the memorandum the investigation should be limited to the ascertainment of the sum or amount to be paid by the said party according to the value or importance of the services rendered by the attorney and that the said value or importance should not be judged by the degree of temerity that the party would have shown in his action or defense."

Therefore, in accordance with section 327 of the Code of Civil Procedure as amended in 1917, the degree of blame or temerity of the litigants for the purpose of imposing or not the costs or a part thereof must be determined when render-

ing final judgment in the suit; and after this question is finally decided for failure to appeal or by affirmance of the judgment, the degree of blame or temerity of the litigant on whom the costs or part thereof have been imposed is already a settled question as between the parties and after that there only remains to determine or ascertain, as provided in section 339 of that Code, as amended, the amount of the costs and the reasonable value of the attorney's fees, without the necessity in the case of having again to consider the degree of blame or temerity of the party on whom the costs have been assessed by a new study and examination of the merits of the case, since this question has already been finally determined in the judgment.

For the foregoing reason I understand that there is no support for the errors assigned by the plaintiffs against the ruling fixing the amount of fees of the attorney for the winning party at $1,500.

With regard to the appeal of the defendant wherein error is alleged because the fees of his attorney were fixed at that sum and not at $5,000 as asked for in his memorandum of costs, I am of the opinion that the amount allowed by the trial court is the reasonable value of the attorney's services, considering the nature of the case and the services rendered, and the fact that the defendant paid to his attorney a larger sum than was awarded and that two attorneys stated that $5,000 was the reasonable value for such services, should not bind the court to grant the amount claimed. Moreover, the just valuation of such services is discretional with the trial court, as stated by Mr. Justice Wolf in his opinion in this case, and I do not see any manifest abuse of that discretion.

I am of the opinion that the trial court did not err as alleged by the defendant and by the plaintiffs and that the judgment appealed from should be affirmed.